FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 AUG 29 PM 1:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. THOMAS J. LEGACKI III,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC FOOT AND ANKLE SPECIALISTS, P.C., and MELISSA ROBITAILLE,<br><br>Defendants. | CASE NO. CV417-027 |

## O R D E R

Before the Court is Relator's Amended Motion for Attorneys' Fees and Costs. (Doc. 16.) In his motion, Relator requests $46,473.29 in attorneys' fees and $1,242.87 in litigation costs under the False Claims Act ("FCA"). (Doc. 16 at 4.) After careful consideration, Relator's Motion to Amend is **GRANTED** and Relator's Motion for Attorney's Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**.

On November 10, 2017, Relator petitioned this Court to grant attorneys' fees in the amount of $77,162.40 and litigation costs in the amount of $1,242.87 in connection with the successful resolution of this case in favor of Plaintiff United States of America. (Doc. 14 at 3-4.) This Court found that Relator's first motion for attorneys' fees and costs was inadequate for three

reasons. (Doc. 15.) First, Relator did not provide the Court with any evidence of the number of hours reasonably expended by the attorneys or other staff. (Id. at 3.) Second, Relator failed to provide satisfactory evidence or records to show that the requested rates were reasonable. (Id. at 4.) Finally, the Court was concerned about the unknown status of the parties' settlement agreement and whether defendants were given sufficient notice of the agreement. (Id. at 7.) As a result of these inadequacies, this Court directed Relator on November 29, 2018 to supplement and amend his request for attorneys' fees and costs. (Id. at 7.) In compliance with this Court's directive, Relator filed this motion to amend.

At this time, Relator's Motion to Amend is **GRANTED**. The Court must now determine whether Relator's amended request for attorneys' fees and litigation costs is reasonable and supported by sufficient evidence. The False Claims Act ("FCA") permits a relator to recover "reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). The Court determines whether a requested fee is reasonable by using the lodestar approach, which values a lawyer's service based on the number of hours expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In addressing the reasonableness of the hours expended, the Court should exclude any excessive, redundant, or unnecessary hours, along with hours that are inadequately documented or for which it would be

unreasonable for an attorney to charge. Id. at 434. Also, the Court will consider the twelve factors[1] outlined in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), when calculating the lodestar.[2] See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

In his amended motion, Relator seeks $46,473.29 in attorneys' fees and $1,242.87 in litigation costs. (Doc. 16, Attach. 3.) Additionally, Relator supplemented his amended motion with billing records, evidence of hourly rates, and a litigation cost summary report. (Doc. 16.) For the following reasons, this Court finds that Relator is entitled to $44,062.01 in attorneys' fees and $1,242.87 in reasonable expenses incurred in the litigation.

First, the attorneys' fees sought by Relator for attorneys James Young and Patrick Barthle, paralegal Emily Lockwood, and investigator David Reign are reasonable under the lodestar

---

[1] The twelve factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

approach, but the Court will exclude the amount sought for attorney Juan Martinez's time.[3] In the amended motion, Relator specifies that James Young worked 71.1 hours on the matter, David Reign worked 102.8 hours on the matter, and that "12.5 hours of additional attorney and paralegal time was expended in this matter." (Id. at 5.) Relator does not specify which attorney's time is included in the additional 12.5 hours. However, the Court operates on the assumption that only attorney Patrick Barthle and paralegal Emily Lockwood's times are included in this additional 12.5 hours. This assumption results from Relator's billing records indicating that Patrick Barthle expended 3.8 hours on this matter and Emily Lockwood expended 8.4 hours on this matter, whereas Juan Martinez expended 9.3 hours on this matter. (Doc. 16, Attach. 2.) Based on these records, only Patrick Barthle's hours and Emily Lockwood's hours combines to equal approximately 12.5 hours of additional attorney and paralegal time.[4] (Doc. 16, Attach. 2.)

---

[3] The Court notes that David Reign's fee should not be considered an "attorney's" fee, but instead should be considered a litigation cost. Mr. Reign is an investigator, not an attorney. However, the Court will include his fee in the attorneys' fee award to stay consistent with Relator's amended motion.

[4] Even if attorney Juan Martinez's time was meant to be included in Relator's "additional attorney and paralegal time," the Court would not award Relator the requested amount for his work. According to the billing records provided by Relator, Juan Martinez's performed work related only to this Amended Motion. (Doc. 16, Ex. B.) Relator cannot be awarded additional fees for time that was accrued as a direct result of his own inadequate motion.

Consequently, the attorneys' fee award should only include the time expended by attorney James Young (71.1 hours at $345.72), attorney Patrick Barthle (3.8 hours at $259.29), paralegal Emily Lockwood (8.4 hours at $86.43), and investigator David Reign (102.8 hours at $172.86). (Id. at 5; Ex. B.) This amount totals $44,062.01.

Based on the Court's experience with hourly rates billed in this market, the Court finds the rates of $345.72 per hour for work performed by James Young, $259.29 per hour for work performed by Patrick Barthle, $86.43 per hour for work performed by Emily Lockwood, and $172.86 per hour for work performed by David Reign all to be appropriate based on the difficulty of the legal issues and experience of the attorneys. Also, the Court has reviewed Relator's billing records and concludes that the 186.4 hours billed with respect to this matter do not include any excessive, redundant, unnecessary, improperly documented, or unreasonable hours. Thus, the Court finds that an award of $44,062.01 for attorneys' fees is reasonable according to the lodestar approach. Additionally, the $1,242.87 in litigation costs requested by Relator is a reasonable amount of litigation costs. Relator provided adequate evidence of these costs in the cost summary report attached to his amended motion. (Doc. 16, Attach. 3.)

Second, the Court finds that the Relator has provided sufficient evidence to prove that the parties finalized a

settlement agreement. In the Amended Motion for Attorneys Fees and Costs, Relator attached the finalized settlement agreement signed by the parties. (Doc. 16, Attach. 4.) This agreement provides assurance that the Defendants were provided adequate notice of the settlement terms, as requested by this Court.

For the foregoing reasons, Relator's Motion to Amend is **GRANTED** and Motion for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**. This Court finds that Relator is entitled to $44,062.01 in attorneys' fees and $1,292.87 in litigation costs, for a total award of **$45,304.88**. As directed by the parties' settlement agreement, Defendants and Defendants' counsel are jointly and severally liable for the $45,304.88 award of reasonable attorneys' fees and litigation costs. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 29th day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA